UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARRIN MCCOY,

       Plaintiff,                       Hon. Ellen S. Carmody

v.                                     Case No. 1:18-CV-40

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **OPINION**

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Income Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties subsequently agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 42 years of age on his alleged disability onset date. (PageID.163, 199). Plaintiff successfully completed high school and worked previously as a "sedentary skilled mortgage closer." (PageID.40). Plaintiff applied for disability benefits on June 25, 2015, alleging that he had been disabled since June 13, 2013, due to herniated and bulging discs in his lower back, spinal stenosis in his lower back, disc degeneration in his lower back, metal plate and screws in his right hand, and depression. (PageID.163-70, 205). Plaintiff later amended his alleged disability onset date to April 1, 2014. (PageID.199). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.71-161).

On January 20, 2017, Plaintiff appeared before ALJ Thomas Walters with testimony being offered by Plaintiff and a vocational expert. (PageID.46-69). In a written decision dated February 23, 2017, the ALJ determined that Plaintiff was not disabled. (PageID.36-41). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.26-30). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

3

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) back disorder; (2) degenerative disc disease; and (3) right hand fracture, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.38). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) he can occasionally bend, turn, crouch, stoop, climb, crawl, and kneel; (2) he must avoid exposure to unprotected heights and moving machinery; (3) he can frequently perform fingering and handling activities; and (4) he can perform simple, routine, repetitive tasks with occasional contact with the public, co-workers, and supervisors. (PageID.39).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there

exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert reported that there existed approximately 214,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.63-69). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.      **Medical Evidence**

In addition to Plaintiff's testimony at the administrative hearing, the administrative record contained copies of Plaintiff's medical treatment records. The ALJ described this evidence as follows:

> The claimant was treated for diagnosed chronic back pain by his physician, W. Mamone, DO, who noted his report of adequate pain relief, in March 2012. Dr. Mamone changed the claimant's pain medication at his request, in October 2012. MRI showed some abnormalities but mainly just mild stenosis. He reported medication adequately provided relief with and refused injection treatment. The claimant had right hand fracture surgically repaired in May 2013. He repeatedly reported gaining adequate back pain relief in 2013 progress visits (1-3F). The claimant sought care with physician, M. Muzquiz, Jr, MD, who refilled his prescription, in April 2014. He reported ongoing back pain with trouble walking and was referred to a pain clinic but never seen due to failing to schedule an appointment after three attempts (4-5F).
>
> Dr. Muzquiz found the claimant had chronic back pain and noted left hip/leg pain for which his medication was refilled in 2015. Consultative physician, M. Rossknecht, DO, found, in June 2015, the claimant had limited lumbar spine/left hip motion with mild trouble doing tasks but otherwise normal motion and negative straight leg raise with no muscle spasms/edema, except right hand swelling/erythema. However, he had normal grip strength and full dexterity. The claimant complained of back/hip and left leg pain in

> progress visits over the next year. Lumbar spine MRI showed degeneration with mild stenosis, in June 2016. Dr. Muzquiz diagnosed right hand arthritis, in October 2016. Neurologist, M. Oppenlander, MD, found the claimant had full arms and legs strength, negative straight leg raise. In January 2017, rehabilitation physician, M. Stuckler, MD, found the claimant had lumbar spine/left leg tenderness but normal motion and hips/legs weakness and antalgic gait but negative Patrick's/straight leg tests (6F. 9F,11-12F).

(PageID.39-40).

## II.      Treating Physician Doctrine

On January 4, 2017, Dr. Muzquiz completed a report regarding Plaintiff's ability to perform work-related activities. (PageID.417-21). As noted above, the ALJ limited Plaintiff to the performance of a limited range of sedentary work. Dr. Muzquiz, however, concluded that Plaintiff experienced even greater limitations. For example, the doctor reported that during an 8-hour workday, Plaintiff could sit for only "about 2 hours" and required a sit-stand option. (PageID.419). The doctor also reported that Plaintiff could "never" lift and carry 10 pounds, but could "occasionally" lift and carry less than 10 pounds. (PageID.419). The ALJ obviously discounted these particular opinions. Plaintiff argues that he is entitled to relief because the ALJ failed to articulate good reasons for affording less than controlling weight to the opinions expressed by his treating physician. The Court agrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v.*

*Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

In support of his decision to discount Dr. Muzquiz's opinions, the ALJ stated as follows:

> As for the opinion evidence, the claimant's physician, M. Muzquiz, Jr, MD, had the opinion, in January 2017, he could lift less than 10 pounds and sit or stand/walk 2 hours each but could not bend/twist and needed to shift positions at will and take unscheduled breaks. However, Dr. Muzquiz opined the claimant had no hand limitations, be off task less than 10% and never miss work (10F). The undersigned noted this assessor diagnosed hand arthritis but hand limitations were given. The undersigned gave this opinion little weight because specialists evaluations that had some signs, were relatively normal with no further care needed (9F, 11-12F). However, the undersigned gave limitations in concentration and interaction due to chronic pain issues.

(PageID.40).

Both the ALJ and Dr. Muzquiz agree that Plaintiff experiences fairly severe functional limitations. The pertinent question is whether the ALJ articulated good reasons for rejecting Dr. Muzquiz's more limiting assessment of Plaintiff. The ALJ's entire rationale in this regard is contained in a single statement, "[t]he undersigned gave this opinion little weight because specialists evaluations that had some signs, were relatively normal with no further care needed." (PageID.40). This statement falls well short of satisfying the ALJ's obligation. A review of the exhibits cited by the ALJ supports Dr. Muzquiz's opinion and the ALJ has failed to identify any specific portion thereof that supports his decision to discount Dr. Muzquiz's opinion. (PageID.338-416, 422-26). Simply put, the ALJ has failed to articulate good reasons, supported by substantial evidence, to support his decision to discount Dr. Muzquiz's opinion. Given that Dr. Muzquiz's opinion is inconsistent with the ALJ's RFC determination and the ALJ's subsequent conclusion that there exist a significant number of jobs which Plaintiff can perform despite his limitations, the ALJ's failure is not harmless.

## II. Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved"

and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Dated: February 21, 2019         /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 U.S. Magistrate Judge